No. 22301.

Alfred L. Capra, Manager of Safety and Excise of the City and County of Denver, State of Colorado *v.* Esther Feld.

(417 P.2d 506)

Decided August 22, 1966.

Max P. Zall, City Attorney, Thomas A. Gilliam, Assistant, Lloyd K. Shinsato, Assistant, for plaintiff in error.

Kripke, Hoffman & Friedman, for defendant in error.

*En Banc.*

388

Mr. Justice Moore delivered the opinion of the court.

Esther Feld made application for a hotel and restaurant liquor license for premises located at 8714-20 East Colfax Avenue, Denver, Colorado, which address is not far from the eastern boundary of the city of Denver. The area designated as being affected by the application includes a portion of the city of Aurora as well as the city of Denver.

Persons living within the particular area who signed petitions favoring the issuance of the license numbered 617, while 245 persons signed petitions opposing the application. There were four hotel or restaurant liquor licenses in the Denver portion of the designated area and two such licenses in the Aurora portion. At the hearing on the application, six persons, including the applicant, appeared in favor of granting the license and eleven appeared in opposition thereto. The Manager of Safety denied the application. On review of the proceedings before the city licensing authority the district court overruled the decision of the Manager of Safety and directed the license to issue. On application for supersedeas in this court, each of the parties has requested final determination of the controversy on the briefs filed in support of, and in opposition thereto.

██ We have read the record and the briefs. It is sufficient to say that this case is not substantially different from the cases of *Hicks v. Capra*, No. 22054, and *Howard v. Ewing*, No. 21311 which were decided by this court on July 18, 1966. The language contained in those decisions is fully applicable to the instant action. The record fails to disclose an abuse of discretion on the part of the licensing authority, and the district court was not justified in substituting its judgment for that of the Manager of Safety. There was an abundance of evidence to support his findings and conclusions.

The judgment is reversed and the cause remanded with directions to sustain the findings and order of

the Manager of Safety denying the application for the license.

MR. JUSTICE DAY not participating.